Morris Eder, J.
Respondents move to vacate a notice of examination and for an order directing that their deposition, if ordered to be taken, follow the completion of the depositions of petitioner and of her husband, Arthur Diamond. Petitioner’s proposed items of examination are modelled upon respondents’ prior notice to examine her, as to which no objection was raised. Petitioner’s knowledge of the facts to be elicited does not *409 deprive her of the right to examine respondents concerning them. Item 6, however, is to be limited to the two-named corporations and ‘ ‘ the various corporations which were parties to the agreement of May 29, 1947 ”, this clause being taken from Item 5 of respondents’ notice and hence unobjectionable. The production of books and records is for the limited use on the examination before trial provided in section 296 of the Civil Practice Act and not the inspection of corporate books and records which is the ultimate relief sought in this proceeding pursuant to section 10 of the Stock Corporation Law. In view of the issues raised regarding petitioner’s status as a stockholder, full inquiry along the lines set forth in the notice (except, as indicated, with regard to Item 6) is authorized, a conclusion which follows, indeed, naturally from respondents’ own notice to examine to the same full extent.
Concerning the matter of priority: Petitioner is willing to defer respondents’ examination until completion of her examination by them but objects to the request that their examination be deferred until after her husband’s examination. The latter request is unwarranted. Parties’ reciprocal examinations are in the ordinary course of litigation to be held first and questions of priority arise only as to them. Rule XI of the trial term rules of this court deals only with the subject of priority with respect to examinations before trial of " adverse parties The only possible basis for deferring respondents’ examination until completion of petitioner’s and her husband’s examinations would be on the assumption that she is only a nominal party. That argument was, however, rejected in the disposition of respondents’ notice, the court granting the motion to vacate as to him without prejudice to service of a further notice or motion to examine him after completion of his wife’s examination. We thus have no pending notice or motion to examine the witness upon which the request for priority as to him could be based. The conclusion reached upon the prior determination that the petitioner’s examination is not a mere matter of form and that she is in all respects to be regarded as the adverse party is binding on this question of priority with relation to her husband’s examination. He must therefore be deemed for present purposes a mere witness, as to whom no privilege of priority may be asserted to defer the examination of a party to the action.
Settle order accordingly.